UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT LEE RIPLEY, II,

Petitioner,

v. Case No.: 6:26-cv-867-PGB-DCI
(6:21-cr-154-PGB-DCI)

UNITED STATES OF AMERICA,

Respondent.
__________________________________/

**ORDER**

THIS CAUSE comes before the Court on the following matters:

Respondent has filed a Motion to File Response and Exhibits under Seal (Doc. 7) ("Motion to Seal," Doc. 7). Respondent requests the Court to seal Respondent's Response to Petitioner's Motion to Vacate (Doc. 7-1) and the exhibits thereto, which consist of "Appellant Robert Ripley's Initial Brief" ("Initial Brief," Doc. 7-3) and the United States' Motion to Dismiss Appeal Based on Waiver in Plea Agreement ("Motion to Dismiss Appeal," Doc. 7-2). Petitioner's plea agreement and plea transcript are exhibits to the Motion to Dismiss Appeal. (*See* Doc. 7-2 at 13–55.)

Middle District of Florida Local Rule 1.11(b) requires the following for filing a document under seal:

> [The Motion] (1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies,

> "Motion to Seal"; (2) must describe the item [proposed for sealing]; (3) must establish . . . filing the item is necessary, . . . sealing the item is necessary, and . . . using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory; (4) must include a legal memorandum; (5) must propose a duration of the seal; (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b).

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309

(11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Respondent explains that the Response cites to and relies on Petitioner's sentencing transcript, which was previously sealed by the Court to protect the victim's sensitive and private information. (Doc. 7.) Further, Respondent explains that Petitioner's plea agreement is an exhibit to the Motion to Dismiss Appeal and the Initial Brief and Motion to Dismiss Appeal reference the factual basis in the plea, which refer to the sexual abuser and the relationship between the abuser and the victim. (Doc. 9.)

The Court finds that Respondent has marginally complied with Local Rule 1.11(b)'s requirements for filing a motion to seal and has articulated good cause for filing the Response to Petitioner's Motion to Vacate (Doc. 7-1) and the exhibits thereto (Doc. Nos. 7-2, 7-3) under seal. Requiring Respondent to publicly file these documents would harm the minor victim's legitimate privacy interests, and those interests outweigh the "customary and constitutionally-embedded

presumption of openness in judicial proceedings[,]" *see Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (citation and internal quotation marks omitted).

Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Motion to Seal (Doc. 7) is **GRANTED**.
   a. Respondent's Response to Petitioner's Motion to Vacate (Doc. 7-1) and the exhibits thereto (Doc. Nos. 7-2, 7-3) shall remain filed under seal.
   b. For ease of reference and clarity of record, the Clerk is **DIRECTED** to file a sealed copy of Respondent's Response to Petitioner's Motion to Vacate (Doc. 7-1) and the exhibits thereto (Doc. Nos. 7-2, 7-3) as a separate entry on the docket, entitled Response to Petitioner's Motion to Vacate and exhibits "Appellant's Initial Brief" and the United States' Motion to Dismiss Appeal.
2. These filings shall remain sealed until resolution of this matter, including any appeals, at which time the sealed filings should be destroyed.

**ORDERED** in Orlando, Florida on November 24, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party